**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 24-08070MJ-001-TUC-EJM |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| Reyna Martinez-Aldama, | |
| Defendant. | |

Before the Court is the Government's oral motion (Doc. 8) and Appeal (Doc. 9) (together, "Motion") for Review of Magistrate Judge's Release Order, filed pursuant to 18 U.S.C. § 3145(a). The Motion appeals Magistrate Judge Michael A. Ambri's decision to release Defendant Reyna Martinez-Aldama on personal recognizance. Doc. 8. Defendant opposes the Government's Motion. Doc. 12. For the following reasons, the Court will grant the Government's Motion (Doc. 9), deny Defendant's Emergency Motion in Opposition (Doc. 12), and revoke the Release Order (Doc. 8).[1]

## I. Background

On August 11, 2024, United States Customs and Border Protection officers (CBPOs) encountered Defendant at the DeConcini Port of Entry in Nogales, Arizona, attempting to enter the United States from Mexico. Doc. 1. A CBPO asked Defendant whether she had any controlled substances, firearms, ammunition, or currency greater than $10,000, which Defendant denied. *Id.* An x-ray revealed anomalies in the vehicle and a

---

[1] The Court finds these matters appropriate for resolution without an oral hearing. Fed. R. Civ. P. 78(b).

canine trained to detect narcotics alerted to an odor in the trunk. *Id.* Defendant was referred for a secondary inspection and CBPOs found 11.54 kilograms of methamphetamine concealed inside the vehicle's spare tire. *Id.* After waiving her *Miranda* rights, Defendant told law enforcement that, earlier that day, she and her husband went to help a friend experiencing car trouble. *Id.* Defendant initially stated she was traveling to go shopping at a mall in Tucson. *Id.* Upon further questioning, Defendant admitted she was traveling to Tucson to pick up $3,000 and transport it back to Mexico as a favor to the friend. *Id.* Defendant denied knowing about the drugs concealed in the vehicle and suggested that her husband and the friend placed them there. *Id.* CBPOs arrested Defendant. *See* Docket at 8/11/2024.

On August 12, 2024, the Government filed a complaint alleging Defendant knowingly and intentionally possessed with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc. 1.

On August 14, 2024, Defendant appeared before Judge Jacqueline M. Rateau and was ordered detained pending a continuance of the detention hearing. Doc. 2. Pretrial Services recommended Defendant be detained because there is no condition or combination of conditions to reasonably assure Defendant's appearance. Docs. 5 and 7.

At the conclusion of the hearing on August 20, 2024, Judge Ambri ordered Defendant released subject to enumerated conditions. Docs. 8 and 8-1. The Government orally moved to stay Defendant's release pending the outcome of an appeal, which Judge Ambri granted. *Id.* The Government's oral Motion (Doc. 8) and an appeal (Doc. 9) seek review of the release order and request Defendant's pretrial detainment.

**II.   Legal Standard**

A district court's review of a magistrate judge's detention order is de novo. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Bail Reform Act mandates the release of a person pending trial unless the court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e). The Court considers four factors from the Bail Reform Act to determine whether to detain or

release the defendant:

> (1) the nature and circumstances of the offense charged…;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

*Id.*; 18 U.S.C. § 3142(g).

The Government must prove that the defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Government must prove the defendant presents a danger to the community by clear and convincing evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Any doubts about the propriety of release should be resolved in the defendant's favor. *Id.* at 1405.

**III.  Analysis**

**A.  Nature and Circumstances of the Offense**

Defendant was arrested for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc. 1. The Court may consider the possible punishment and the incentive to flee associated with a defendant's criminal exposure. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990).

The United States has a strong interest in preventing the importation of controlled substances due to the potential harm they pose to individuals and communities. The punishment for violating 21 U.S.C. § 841(a)(1) is up to 20 years in prison. Defendant faces a potentially long sentence if convicted and that creates an incentive to flee. The nature and

circumstances of the offense weigh in favor of detention.

### B. Weight of the Evidence Against Defendant

The weight of the evidence is the least important factor that the Court considers and is not a pretrial determination of guilt. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *Townsend*, 897 F.2d at 994. Here, Defendant was the driver, registered owner, and sole occupant of a vehicle found to be concealing 11.54 kilograms of methamphetamine. Doc. 1. Defendant denied knowing about the methamphetamine concealed within the vehicle. *Id.* However, Defendant provided conflicting statements about her purpose for coming to Tucson. *Id.* Defendant first stated she was driving to Tucson only to go shopping, but later said that she was driving to Tucson to pick up $3,000 and bring it back to a friend in Mexico. Doc. 1. The weight of the evidence for the instant charges weighs in favor of detention.

### C. History and Characteristics of Defendant

The Defendant is a 37-year-old female who was born and raised in Hermosillo, Sonora, Mexico. Doc. 7 at 2. Defendant has lived in Mexico all her life. *Id.* Defendant has resided with her husband (no children) at her present address in Nogales, Sonora, Mexico for the past 33 months. Defendant is a citizen of Mexico and possesses an expired Mexican passport. *Id.* Defendant travels from Nogales, Mexico to Nogales, Arizona 2 times per week for shopping or to donate plasma. *Id.* Defendant has been employed as a quality supervisor with Grupo Chamberlain in Nogales, Mexico for the past 33 months. *Id.*

Defendant's mother and two of her siblings live in Hermosillo. *Id.* Defendant is in monthly contact with them. *Id.* Defendant also has a sister living in Antioch, California. *Id.* This sister has no legal status in the U.S., but her significant other is a legal permanent resident. *Id.* Defendant is welcome to live with them in California upon release. *Id.* According to Pretrial Services, Defendant's sister's significant other is a suitable third-party custodian. *Id.*

Defendant is in good physical and mental health. *Id.* at 3. Defendant reports consuming alcohol twice per year, and that she last consumed alcohol a few weeks before her arrest. *Id.* at 3. Defendant has no other substance use history and has no history of

treatment or problems related to her substance use. *Id.*

Defendant has no known criminal history. *Id.*

The Government argues there are no factors that would reasonably assure the appearance of Defendant. Doc. 9 at 3. Defendant has lifelong ties to Mexico and no legal status in the United States. *Id.* The Government also points to the evidence of guilt here as a strong incentive for Defendant to flee to Mexico upon release. *Id.*

Defendant argues that the presumption of detention has been rebutted in this case. Doc. 12 at 1. While Defendant has significant ties to Mexico, she also has ties to her sister, nephews, and brother-in-law in California. *Id.* Defendant's brother-in-law—who was deemed to be a suitable third-party custodian—drove from California to attend the hearing in-person. *Id.* at 1–2. He agreed to abide by the Court's mandate and ensure Defendant shows up for her hearings and complies with court orders. *Id.* at 2.

Defendant is a lifelong resident of Mexico, and she has significant familial, relationship, and employment ties to Mexico. Defendant has no criminal history or substance abuse issues that would suggest a risk for failing to appear. Defendant has family in the United States, but the nature of that relationship is no disincentive to her fleeing back to her home in Mexico to avoid prosecution. Considered together, the Defendant's history and characteristics weigh in favor of detention.

### D. Dangerous Nature

The Government does not argue that Defendant's release poses a danger to person or community. *See* Doc. 9. Defendant is not being charged with a violent offense and Defendant has no prior criminal history. Doc. 7 at 3–4. Defendant's release is unlikely to pose a danger to person or community. This factor weighs in favor of release.

## IV. Conditions of Release

A person facing trial is entitled to release under the least restrictive conditions that will reasonably assure the appearance of the person and should only be denied in rare circumstances. *Motamedi*, 767 F.2d at 1405. Even in the presence of risk, a defendant must still be released if there are conditions of release that may be imposed to mitigate the flight risk or risk to the community. *See* 18 U.S.C. § 3142(e). Any doubts about the propriety of

release should be resolved in Defendant's favor. *Motamedi*, 767 F.2d at 1405.

The Government has raised concerns about Defendant's risk of nonappearance due to her substantial ties to Mexico. Pretrial Services found that no condition could reasonably assure Defendant's appearance in court and recommended Defendant be detained. Doc 7. The Court finds by a preponderance of the evidence that Defendant is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of Defendant on her own recognizance.

**V.     Order**

Accordingly,

**IT IS ORDERED GRANTING** the Government's Oral Motion (Doc. 8) and Appeal (Doc. 9).

**IT IS FURTHER ORDERED DENYING** Defendant's Emergency Motion in Opposition to Government's Request (Doc. 12).

**IT IS FURTHER ORDERED REVOKING** Judge Ambri's Release Order (Doc. 8). Defendant shall remain in custody pending trial.

Dated this 26th day of August, 2024.

John C. Hinderaker
United States District Judge